## CIRCUIT COURT OF WISE COUNTY

James South
and Nemo South

v.

Moose Coal Co.

January 20, 1988

Case No. L84-403

By JUDGE J. ROBERT STUMP

Plaintiffs move the court to set aside a jury verdict for defendant on the grounds that the verdict was not unanimous based on a subsequent juror affidavit.

This was a two-day jury trial (June 17 and 18, 1987) involving alleged property damages caused by coal mine blasting. The court sent the jury out for deliberations and did not orally, nor in writing, instruct the jury that their verdict must be unanimous. The jury deliberated one hour and forty-four minutes (Judge notes).

Upon the jury's return to the courtroom the court received the written verdict signed by Balthus L. Bentley, foreperson, finding in favor of the defendant. The court inquired, "Is that your verdict, Mr. Bentley?" To which Mr. Bentley replied, "that is the verdict of the whole jury." The other jurors were present in the courtroom during all of these proceedings, but remained silent. Although asked by the court, no motions were made by counsel, and the jury was not individually polled as to their verdict.

An affidavit dated June 22, 1987, sworn to before a notary public in the office of plaintiffs' counsel, and signed by juror Glenda Hubbard, is summarized as

follows: only one "secret ballot of the jury was taken resulting in a split vote"; after "great discussion and debate," the foreman signed the jury verdict form in favor of the defendant without the agreement of "the affiant or other jury members," and "without a unanimous vote from the jury"; and the affiant did not immediately advise the court "because she was unfamiliar with the court's proceedings and her right to do so."

Plaintiff contends *inter alia*, that the court must receive the affidavit of a juror to impeach the jury's verdict. The court is of opinion that a juror affidavit, *considered alone*, is insufficient to impeach the verdict here. This opinion is based on the 1877 case of *Thomas v. Jones*, 69 Va. (28 Gratt.) 383 (1877), which continues to be Virginia case law today. The Virginia Supreme Court, without detailing the facts, said, "the *affidavit* of one of the jurors, that he did not consent to the verdict which was found by the jury, afforded no good ground for setting aside the said verdict."

But the major threshold issue presented here is: Should the court conduct a hearing and allow jurors to testify as to whether or not their verdict was unanimous? Plaintiffs specifically request this hearing, and defendant strenuously objects to this procedure. In several cases this issue has not been placed directly before the Virginia Supreme Court, and that court was compelled to sidestep the issue by saying, "We will assume, without deciding, that this is one of those exceptional cases in which juror testimony is admissible in support of a motion to set aside the verdict for alleged juror misconduct." Here this court must decide this issue of apparent first impression in Virginia.

This court's first inclination based on old law school brain-washed ideals are to reject plaintiff's motion outright, relying on the settled Virginia rule that testimony and affidavits of jurors are *generally* inadmissible to impeach their verdict on the ground of their own misconduct. The reasons for this general rule are sound and have stood the test of time and voluminous litigation, which if abused would: (1) defeat the jurors' own solemn acts under oath; (2) open the door to jury tampering; (3) allow dissatisfied jurors to destroy a verdict at any time after they agreed to it; (4) destroy

the orderly administration of justice by conducting another trial, assuming the first trial was fair; and (5) violate the secrecy and sanctity of the jury room.

However, the Virginia Supreme Court has recognized an *exception* to the general rule, "where juror testimony might be admissible to impeach their verdict to prevent a miscarriage of justice." *Caterpillar Tractor Co. v. Hulvey*, 233 Va. 77, 82-3 (1987).

The question raised by the juror affidavit here is that the jury verdict was not unanimous. It is well-settled nd annotated Virginia law that in a *criminal* trial "the assent of all the jurors is essential to a valid verdict." 19 M.J. *Verdict* § 7 p. 523; *Counts v. Commonwealth*, 137 Va. 744 (1923); Art. I, § 8, Va. Const.; and Rule 3A:24(a), Sup. Ct. (Va.). This court has always (and continues to do so) assumed the basic Virginia law that *civil* jury verdicts must also be unanimous. However, the only annotated authority is found in Virginia Civil Procedure, Boyd, Graves and Middleditch, "Incidents of Trial," § 11.11, p. 432, which states, "Whether the verdict is at law or in equity, there are several considerations to be observed. In Virginia the verdict must still be unanimous . . . ."

The juror affidavit presented to the court here raises several unanswered questions and a basic issue that cries out for further consideration, and that is: Did all jurors agree to the verdict for defendant, and if not, why didn't they (or she) speak up at the time of receiving the verdict in open court? Many questions arise, which need to be developed by jurors testimony, such as: Have the jurors changed their minds after verdict? Was the jury tampered with after verdict? Was the foreman guilty of dictatorial misconduct during deliberations? Were the plaintiffs denied a fair jury deliberation? Was the jury verdict unanimous? The court cannot make an educated decision on these questions unless it knows what happened in the secrecy of the jury room. And the only procedure to discover this and the only persons who can provide these answers are all the jurors testifying under oath at a subsequent hearing held for this specific purpose. This court invokes its discretionary and general supervisory powers. But only in rare circumstances will this court allow such an unusual procedure.

This court finds that the juror affidavit presented here is one of those exceptional cases in which juror testimony will be admissible in support of a motion to set aside the verdict for alleged juror misconduct. If there was not an unanimous jury verdict, then a basic failure or miscarriage of justice resulted in this case. Without questioning the jurors the court cannot determine if there was, or was not, a mistake, juror misconduct, or a failure or miscarriage of justice.

Wherefore, this court shall *reluctantly* question the jury panel under oath as to their verdict. But their "testimony shall be received with great care and caution." This hearing shall be conducted under strict rules and guidelines as follows:

1. An early date shall be mutually agreed on by court and counsel for conducting the hearing.

2. The court, and not counsel, shall separately subpoena the jurors.

3. The court admonishes counsel and their designated and authorized employees or representatives to refrain in any manner whatsoever from talking to or communicating with any of the jurors from this time forward upon receipt of this letter. Any violation of this warning will result in contempt of court action.

4. Counsel for plaintiffs shall provide and pay for a court reporter at the hearing.

5. The court will sequester all of the jurors in separate rooms at the hearing so there will be no communication among the jurors.

6. The court shall question the jurors initially, and then counsel may interrogate the jurors after preapproval by the court.

7. Other procedures may be agreed upon by the court and counsel at the time of hearing.